UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-54052

DAKARI J. HENDRICKS,  Chapter 7

           Debtor.  Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING THE DEBTOR'S
MOTION TO REOPEN BANKRUPTCY CASE**

This case is before the Court on the Debtor's motion, filed March 18, 2021, entitled "Ex-Parte Motion to Reopen Chapter 7 Case to Allow Entry of the Certificate of Completion of the Financial Management Course" (Docket # 19, the "Motion"). The Motion seeks to reopen this case to enable the Debtor to file a Financial Management Course Certificate (the "Certificate"), and then receive a discharge. The Motion was filed more than 14 months after this case was closed. For the following reasons, the Court will deny the Motion.

**A. Background**

With the assistance of his attorney, the Debtor filed a voluntary petition for relief under Chapter 7 on October 2, 2019, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on November 6, 2019 at 12:30 p.m. (Docket # 5, the "Notice"). On October 2, 2019, the Notice was served by the Bankruptcy Noticing Center by email on the Chapter 7 Trustee, the Debtor's attorney, and some of the creditors, and on October 4, 2019, the Notice was served by the Bankruptcy Noticing Center by mail on the Debtor and the remainder of the creditors (Docket # 6).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> > (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

2

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was January 6, 2020.[5]

The Debtor failed to file the Certificate by the January 6, 2020 deadline, or at any time thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On January 7, 2020, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate. (Docket # 16.) The notice of the closing filed that day (Docket # 16) was served on the Debtor's counsel by e-mail on January 7, 2020, through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on January 9, 2020 on the creditors that had not been served electronically, and on the Debtor. (Docket # 17). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*.)

On January 13, 2020, after the case had been closed without a discharge, the Debtor finally filed a Certificate, which stated that he "completed an approved course in financial management" through GreenPath, Inc. on January 13, 2020 (Docket # 18). But the Debtor did nothing at that time to try to get this case reopened.

---

section 111[.]

[5] Sixty days after the first date set for the first meeting of creditors (November 6, 2019) was Sunday, January 5, 2020. The next day that was not a Saturday, Sunday, or legal holiday was Monday, January 6, 2020. Therefore, the deadline was Monday, January 6, 2020. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

More than 14 months later, on March 18, 2021, the Debtor filed the Motion (Docket # 19). The Motion states, in relevant part:

> 2. Although Debtor completed all requirements of his Chapter 7 case, a Certificate of Completion of the Financial Management Course was not completed until after the case was closed and, as a result, the Chapter 7 case was closed without entry of the Discharge Order on January 7, 2020.
>
> 3. Debtor completed the required Certificate of Completion of the Financial Management Course but did so late, on January 13, 2020.

(Mot. at ¶¶ 2-3).

**B. Discussion**

The Motion does not demonstrate a valid excuse for (1) the Debtor's failure to timely complete the financial management course and file the required Certificate; and (2) the Debtor waiting more that 14 months after this case was closed before he moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[6] and Local Bankruptcy Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting the Debtor a retroactive extension of time to file the Certificate, so the Debtor can obtain a discharge.

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether

5

there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Smith,* __ B.R. __, No. 19-48720, 2021 WL 415876 (Bankruptcy E.D. Mich. Feb. 5, 2021) (delay of almost 17 months); *In re Lemon*, No. 19-46937, 2021 WL 190735 (Bankruptcy E.D. Mich. Jan. 19, 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay

of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of the deadline to file the Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate any valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Certificate, by the January 6, 2020 deadline; or (2) why the Debtor waited more than 14 months after this case was closed on January 7, 2020 before he moved to reopen it. This factor, therefore, weighs against granting the Motion.

The Motion states, in relevant part:

> 9. Debtor was under the misunderstanding that . . . all the requirements to successfully discharge his case had been done, **despite receiving the notifications from counsel and the court.**

7

> 10. Debtor realized his error immediately after the case was closed, completed the education course, and immediately contacted his attorney to attempt to rectify the situation.
>
> 11. In [*In re*] *Kessler*[, 588 B.R. 191 (Bankr. E.D. Mich. 2018),] the timeliness was evaluated in light of when the Credit Counseling was completed. . . . Debtor finished the course within 6 days of the case being closed. Debtor realized his error, and he completed the course immediately. The length of time between the case closing and the course being completed falls on the very low, albeit late, range, and weights in the favor of the Debtor.

(Mot. at ¶¶ 9-11 (emphasis added).)

The Motion acknowledges that the Debtor received notice from both his counsel and the Court of the requirement to file the Certificate to obtain a discharge. There is no valid basis for the Debtor to have been under a misunderstanding and to have thought he had done all that was required to do to obtain a discharge. Under the circumstances, the Debtor's alleged misunderstanding is not a valid excuse for his failure to file the Certificate by the deadline.

Although not required to do so, the Clerk of this Court reminded the Debtor and his attorney of the requirement to file the Certificate, and the deadline for doing so, in a notice filed on November 19, 2019. (Docket # 14). That notice was served on the Debtor's attorney by e-mail on November 19, 2019, and the Bankruptcy Noticing Center mailed the notice to the Debtor on November 21, 2019. (*See* Docket # 15). The notice stated:

> **NOTICE OF REQUIREMENT TO FILE ACERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a**

8

19-54052-tjt    Doc 20    Filed 03/22/21    Entered 03/22/21 11:13:46    Page 8 of 11

> **Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 14) (footnote omitted) (bold in original).

Even assuming that the Debtor forgot about the financial management course requirement to obtain a discharge before his case was closed, he does not allege, and he cannot reasonably and credibly allege, that he did not know, or that he forgot, that his case was closed without a discharge. The Debtor received the Notice of the Final Decree in January 2020, which clearly stated that his case had "been closed without entry of discharge" because the Debtor "did not file Official Form 423, Certification About a Financial Management Course."[8] And in this case, the Debtor was represented by an attorney, who also received this notice, by e-mail on January 7, 2020.

The Motion also does not explain why the Debtor waited more than 14 months after the case was closed to move to reopen the case. As already stated, the Debtor was informed, by the notice described above, which was mailed to his on January 9, 2020, that his case had been

---

[8] The Debtor does not allege that he did not receive this notice in the mail. Rather, the Motion admits that the Debtor received notice from the Court and his attorney.

9

closed without a discharge, and why it had been so closed.[9]  Yet the Debtor and his attorney did nothing to try to rectify this for more than 14 months afterwards.  The Motion alleges no reason whatsoever, let alone a valid excuse, for such a long delay by the Debtor in moving to reopen this case.

*Factor 2: whether the request was timely*

Although the delay of 6 days in the Debtor's completion of the financial management course and in filing the Certificate is short, the delay of more than 14 months in the Debtor's moving to reopen this case is far too long.  Such a long delay, "maligns the integrity of the system and its fairness to all parties. . . .  It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."  *Chrisman*,  2016 WL 4447251, at *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ).

The magnitude of the Debtor's delay in moving to reopen this case is significant, and this factor strongly weighs against granting the Motion.

*Factor 3: whether fault lies with counsel*

The Debtor has been represented by counsel in this case at all times, but the Debtor did not allege in the Motion that his failure to timely complete the Financial Management Course and to file a Certificate was the fault of his counsel.  Rather the Debtor states in the Motion that the fault was entirely due to the Debtor's own fault and neglect.  The Motion states: "13. Counsel duly reminded Debtor, as did this Court, to complete [his] course.  Debtor regrets

---

[9] As noted above, the Motion does not allege that the Debtor did not receive this Notice.  And there is no indication in the record that the mailing was returned undelivered by the post office.

10

19-54052-tjt    Doc 20    Filed 03/22/21    Entered 03/22/21 11:13:46    Page 10 of 11

his mistake, but Counsel bares no culpability for [Debtor's] failure to comp[l]ete the course on time." (Mot. at ¶ 13.) And the Motion does not allege that the delay of more than 14 months to move to reopen this case was the fault of the Debtor's attorney. This factor weighs against granting the Motion.

*Factor 4: whether creditors are prejudiced*

The Motion argues that "[t]hough the time elapsed from his case being closed to filing this motion to reopen is not insignificant, Debtor has not received any collection activity from any of his creditors. Thus, no creditors have been prejudiced in the delay." (Mot. at ¶ 14.)

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 19) is denied.

2. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on March 22, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge